```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                       WEST PALM BEACH DIVISION
                       CASE NO. 23-cv-81096-AMC
 3
     JULIE MEYER and VIVA INVESTMENT        Zoom Conference
 4   PARTNERS AG,

 5              PLAINTIFFS,                 March 27, 2025

 6        vs.                               10:53 a.m. - 11:08 a.m.

 7   RENE EICHENBERGER, NEW VENTURE
     ASSOCIATES, LLC, (ALTERNATIVE) 2
 8   HOLDING AG n/k/a NEW VENTURE
     ASSOCIATES AG, CENTURY VENTURE SA,
 9   JOHN TEXTOR, and WYNDCREST HOLDINGS,
     LLC,
10
                DEFENDANTS.                 Pages 1 to 14
11   _____

12                       STATUS CONFERENCE
              BEFORE THE HONORABLE AILEEN M. CANNON
13                  UNITED STATES DISTRICT JUDGE
     APPEARANCES:
14
     FOR THE PLAINTIFFS:
15                                  REED SMITH, LLP
                                    ANA ROSA ULSETH, ESQ.
16                                  JONATHAN FLOREZ, ESQ.
                                    200 South Biscayne Boulevard
17                                  Suite 2600
                                    Miami, Florida 33131
18
     FOR THE DEFENDANTS:
19
     Rene Eichenberger, New Venture Associates AG
20
                                    THE FOODMAN FIRM
21                                  EDUARDO J. CASAL, ESQ.
                                    JESSIYA JOSEPH, ESQ.
22                                  3059 Grand Avenue
                                    Suite 330
23                                  Miami, Florida 33133

24

25
```

```
 1   FOR THE DEFENDANTS:

 2   John Textor and Wyndcrest Holdings, LLC

 3                                MCDONAL HOPKINS LLC
                                  ALAN M. BURGER, ESQ.
 4                                ALAINA KARSTEN, ESQ.
                                  501 South Flagler Drive
 5                                Suite 200
                                  West Palm Beach, Florida 33401
 6
     STENOGRAPHICALLY REPORTED BY:
 7
                                  LAURA E. MELTON, RMR, CRR, FPR
 8                                Official Court Reporter to the
                                  Honorable Aileen M. Cannon
 9                                United States District Court
                                  Fort Pierce, Florida
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          (Call to the Order of the Court.)

2              THE COURT:  Good morning.  Please call the case.

3              THE LAW CLERK:  Yes, Your Honor.

4          Now calling Case Number 23-81096.  Meyer,

5    et al., vs. Eichenberger, et al.

6          The parties shall enter their appearance, starting with

7    plaintiff.

8              MS. ULSETH:  Good morning, Your Honor.  On behalf of

9    Reed Smith for Plaintiffs Julie Meyer and Viva Investment

10   Partners you have myself, Ana Ulseth, and my colleague,

11   Jonathan Florez.

12             MR. FLOREZ:  Good morning.

13             THE COURT:  Good morning.

14         Let me see who is here on behalf of the six defendants.

15   First, who is here for Rene Eichenberger?

16             MR. CASAL:  Good morning, Your Honor.  Eduardo Casal of

17   the Foodman Firm.  And with me, off camera, is Ms. Jessiya

18   Joseph.  We represent the defendant, Rene Eichenberger and --

19   they're known in this case as Alternative 2 Holding -- now

20   known as New Venture Associates AG.

21             MS. JOSEPH:  Good morning, Your Honor.

22             THE COURT:  Okay.  I would like to understand that.  So

23   what you're saying to me, sir, is that Alternative 2 Holding is

24   the same thing as New Venture Associates?

25             MR. CASAL:  Because there is a New Venture Associates

1    LLC.  There are two defendants that have a very similar name.
2             THE COURT:  Okay.  Just looking at the caption on the
3    operative complaint, just to avoid any confusion, I see
4    New Venture Associates LLC, and then there is a separate
5    entity, Alternative 2 Holding AG, New Venture Associates AG.
6    So can you verify exactly who you represent, sir?
7             MR. CASAL:  The second New Ventures, Your Honor.  The
8    Alternative 2 Holding AG, now known as New Venture Associates
9    AG.  I believe they appear in the docket as alternative
10   defendant, and then it just says beneath it "New Venture
11   Associates AG."
12            THE COURT:  Okay.  All right.  Thank you, Mr. Casal.
13            Then who is here on behalf of New Venture Associates
14   LLC?
15            MR. CASAL:  Your Honor, no one is, as they have not
16   been served.  The docket reflects that they were served, but it
17   was an accidental filing.  It was the AG New Ventures that was
18   served by the Hague Convention -- well, reportedly served.
19            MS. ULSETH:  Yes, that's right, Your Honor.  When we
20   filed a return of service, we accidentally clicked the wrong
21   defendant, so AG2 has been served.
22            And we have spoken to the clerk about it.  We're in the
23   process of fixing that -- that issue on our end.  I do
24   apologize for the confusion.
25            THE COURT:  That's the most recent filing that came on

1    the docket?

2         MS. ULSETH:  No, Your Honor.  The most recent filing on

3    the docket was the summonses for the Florida entity, the LLC

4    version, New Ventures LLC -- New Ventures Associates LLC.

5         THE COURT:  Well, what I see on the docket is -- the

6    most recent activity is a summons returned executed.

7         MS. ULSETH:  Your Honor, that's for defendant,

8    John Textor.  That's his individual return of service.  We

9    realized, after a meet and confer with opposing counsel last

10   week, that John Textor's return of service has not been filed,

11   and that's docket entry 46.

12        THE COURT:  Understood.

13        Okay.  So the erroneous file that you're trying -- or

14   filing that you're trying to get fixed, Ms. Ulseth, is which

15   one?

16        MS. ULSETH:  So we filed as to AG --

17        THE COURT:  I'm sorry.  I cannot hear you.  What?

18        MS. ULSETH:  We filed the return of service for

19   New Venture Associates AG, A2, that entity has been served

20   under the Hague Convention.  And that's the one that we

21   erroneously clicked the New Ventures LLC entity for.

22        So when, Your Honor, is ready, I can give you a summary

23   of which defendants remain unserved; perhaps that would be

24   helpful.

25        THE COURT:  Yes, we will get there in just a moment.

 1    But which docket entry by number on the docket are you
 2    indicating the incorrect party was checked?
 3             MS. ULSETH:  It's -- it's docket entry 38.
 4             THE COURT:  So 38 should have said what?
 5             MS. ULSETH:  Alternative 2 Holdings, also known as
 6    New Ventures Associates AG.  And the documents filed, if
 7    Your Honor looks at docket entry 38, are the documents for
 8    service for that entity.
 9             THE COURT:  Okay.  All right.  So we've gotten
10    appearances for defendants, Eichenberger and Alternative 2
11    Holding AG.
12             New Venture Associates LLC has not been served; so
13    nobody is here for that entity.
14             Is there anybody here on behalf of Century Venture SA?
15             MS. ULSETH:  No, Your Honor.  That's another entity
16    that remains unserved.
17             THE COURT:  Okay.  Now, who is here for John Textor?
18             MR. BURGER:  Good morning, Your Honor.  Alan Burger and
19    Alaina Karsten for Mr. Textor and Wyndcrest Holdings LLC.
20             THE COURT:  Good morning, Mr. Burger.
21             All right.  Okay.  So with that, let me turn back to
22    Ms. Ulseth, and take you up on your offer to walk me through
23    exactly who has been served and who has not been served and
24    why.
25             MS. ULSETH:  Of course, Your Honor.

1          So we have six defendants in this case.  Four out of
2    the six defendants have been served to date, and that includes
3    Wyndcrest Holdings LLC, John Textor, Alternative 2 Holdings,
4    now known as New Ventures Associates AG, and Mr. Rene
5    Eichenberger.
6          There are two defendants that remain to be served, and
7    that is New Ventures Associates LLC; attempts for service have
8    been made and are ongoing.  And, lastly, unserved defendants,
9    Century Venture SA.
10         And today we would like to request and ask the Court if
11   they would grant us some time to amend the complaint, at which
12   point we would either remove these two unserved defendants as
13   named parties or have these defendants served.  We were
14   thinking a period of 30 days.  We have met and conferred with
15   our colleagues for defendants' counsel that are here today.
16         And for purposes of efficiency -- we just inherited the
17   case a couple of months ago, Your Honor, so we strongly believe
18   in the merits of the case, but we do -- we have been made aware
19   of certain wrinkles that we would like an opportunity to amend.
20         And so if it pleases Your Honor, that would result in a
21   very efficient approach, in the sense of avoiding further
22   pleadings on the operative complaint when we already know that
23   we will be amending.
24         THE COURT:  Okay.  Is there opposition from the served
25   parties to this amendment request, Mr. Casal?

```
 1                 MR. CASAL:  Good morning, Your Honor.
 2                 Per se to the amendment, no, because there is a
 3       liberality of right to amend.  But there is -- one of the
 4       wrinkles, unfortunately, is subject matter jurisdiction.
 5       Plaintiff, Julie Meyer, appears to be a stateless U.S. citizen.
 6                 THE COURT:  I'm sorry.  She appears to be what?
 7                 MR. CASAL:  A stateless U.S. citizen.  That she is a
 8       foreigner who -- well, a citizen of the United States who is
 9       residing at a domicile abroad.  That issue needs to
10       be -- should be resolved as soon as possible because,
11       otherwise, we don't want to go through the necessary pleadings
12       and then find out the Court has to address that issue down the
13       road.
14                 And she's not a stateless citizen in the current status
15       of the complaint; however, the only connection to a state would
16       be Florida.  In this case diversity jurisdiction would be
17       instantly lost.  There are three named Florida defendants.  So
18       that is our main issue with amendment.  I think the subject
19       matter jurisdiction issue needs to be resolved as soon as
20       possible.
21                 And then, as a procedural matter, Your Honor entered an
22       order on May 24th to promote efficiency.  You didn't want
23       piecemeal motions.  That promotes the parties to file a joint
24       motion and gave us a deadline of 21 days from the last served
25       defendant.  Assuming a defendant is dropped, we would like that
```

```
 1    to be modified to be 21 days from service or a dropped.
 2             THE COURT:  All right.  Mr. Burger, do you have an
 3    objection to the amendment request?
 4             MR. BURGER:  Like Mr. Casal, liberality exists.  We
 5    have the stateless issue that was brought up.
 6             And then we have a chicken and the egg issue, which is,
 7    the attachments mandate arbitration.  So if there is no -- if
 8    there is no subject matter jurisdiction, there can't be an
 9    order compelling arbitration.  So we may have to deal with that
10    issue first.
11             So, you know, in theory, no.  But, of course, we have
12    the chicken and the egg issue, Judge, that we're going to have
13    to deal with potentially.
14             THE COURT:  In the form of what type of motion?
15             MR. BURGER:  Well, in the form -- if there is subject
16    matter jurisdiction, then we will end up likely with a motion
17    to compel arbitration.  And if there is not, then there isn't
18    the authority by this Court because you don't have subject
19    matter jurisdiction to compel interrogation.
20             THE COURT:  Okay.  All right.  Now, let me ask
21    Ms. Ulseth.  If I were to grant the request to amend the
22    complaint within 30 days, would that have any impact on the
23    service issues effectuated to date and/or left to be
24    effectuated?  I understand that you might elect to just drop
25    the two unserved defendants, but would the filing of the new
```

1    complaint require any new service on the served defendants?
2         MS. ULSETH:  On the served defendants, no, Your Honor,
3    we don't believe so at this time.
4         THE COURT:  Okay.  All right.  Well, then I will grant
5    the plaintiff's motion to file an amended complaint.  That
6    should be due no later than July 10th, which is a Wednesday.
7         Obviously, Ms. Ulseth, now that you are presumably
8    fully aware of at least the subject matter jurisdiction issue,
9    I would assume that any amended pleading would endeavor to
10   address that concern --
11        MS. ULSETH:  That's correct, Your Honor.
12        THE COURT:  -- and any other threshold questions that
13   you have learned through your conferrals with opposing counsel.
14        MS. ULSETH:  Yes, Your Honor.
15        THE COURT:  So at this point the case will remain in an
16   administratively closed posture, awaiting the filing of this
17   new complaint.
18        Ms. Ulseth, when you do file that amended pleading by
19   the 10th, I'm going to direct that you also file a motion to
20   reopen the matter, and you should do so post-conferral with
21   opposing parties.
22        With respect to the deadline for any answers or
23   consolidated responses, Mr. Casal, I will also grant your
24   request that that would come 21 days after the filing of any
25   amended pleading, so 21 days after the 10th of July.

1          Any questions on the deadlines, Mr. Casal or
2     Mr. Burger?
3          MR. CASAL:  No, Your Honor.  As a matter -- there have
4     been one of those issued for the New Ventures LLC.  It was
5     issued in connection with the complaint, probably just to
6     make -- keep all of our ducks in a row, probably a good idea
7     because a new summons was issued after the amended complaint.
8          Other than that, I don't see any procedural hiccups.
9          The issue of subject matter jurisdiction should be
10    addressed as soon as possible.  And just in the interest of
11    full disclosure, the two clients that -- our two clients that
12    have been served are foreigners, and we do intend to file a
13    motion challenging personal jurisdiction.  It would be just
14    like that -- in the event that there is a subject matter
15    jurisdictional issue, it just can be handled separate and apart
16    from a 12(b)(3) or (4) motion.  But we don't want to overwhelm
17    Your Honor with a motion to dismiss for lack of subject matter
18    jurisdiction, a motion to dismiss for lack of personal
19    jurisdiction, a motion to dismiss for forum non conveniens, and
20    then potentially a mandatory arbitration pleading.  So we want
21    to keep things as simple as possible.
22         THE COURT:  All right.  Because there do appear to be a
23    number of issues, and because I do think it more efficient to
24    have one consolidated motion to dismiss on whatever bases under
25    Rule 12 the parties are asserting, then I will just,

1   sua sponte, enlarge the page limit to 40 double-spaced pages to
2   accommodate these multiple issues.
3           The motion to compel arbitration, if one is brought,
4   that should be in the form of a separate motion and not
5   subsumed within the jurisdictional issues under 12(b).
6           Now, as far as the summons you said, Mr. Casal, is that
7   the 38 -- the docket entry 38 that we were discussing earlier?
8           MR. CASAL:  44 and 45.
9           They just -- they requested summonses to be issued for
10  New Ventures LLC.  It was -- it was done.  We're traveling
11  under the original complaint for these.  I just don't want
12  there to be a procedural hiccup.  And since it's so
13  administrative, it would just seem more -- it's easier to avoid
14  an issue if the new summons is issued after the filing of an
15  amended complaint.
16          THE COURT:  All right.  Ms. Ulseth, any disagreement
17  with that request?  In other words, I think what I'm hearing is
18  just a brand-new set of summonses tracking the new complaint
19  when it's filed on the 30th.
20          MS. ULSETH:  Yes, no issue with that whatsoever,
21  Your Honor.  We will get that done.
22          THE COURT:  I just misspoke.  I meant -- I said the
23  30th, but I meant to say the 10th of July.
24          MS. ULSETH:  Understood.
25          THE COURT:  Okay.  All right.  Any questions or

1    concerns from either counsel?

2            Let me turn, finally, to Ms. Ulseth for any final

3    comments.

4            MS. ULSETH:  Nothing further on our end, Your Honor.

5    Thank you.

6            THE COURT:  Mr. Casal?

7            MR. CASAL:  Nothing further, Your Honor.  Just, would

8    Your Honor be setting another status conference, or would that

9    wait for future potential action down the road?

10           THE COURT:  That is to be determined.

11           MR. CASAL:  Thank you, Your Honor.

12           THE COURT:  Mr. Burger?

13           MR. BURGER:  Thank you, Judge.  We're all good.

14           THE COURT:  Okay.  All right then.  Please monitor your

15   dockets for an order to follow this hearing that will just

16   memorialize the July 10th deadline for the filing of an amended

17   pleading.  It will also reference the need to file new

18   summonses in accordance with that amended pleading.  It will

19   note the 21-day deadline in accordance with the combined

20   response order and also the over-length allowance that I

21   mentioned previously.  And, finally, the motion to reopen

22   issue, which should be done, again, post-conferral and in a

23   joint format.

24           So thank you, all.  Have a good rest of your day.

25           (These proceedings concluded at 11:08 a.m.)

```
 1                      C E R T I F I C A T E
 2
 3
 4   I hereby certify that the foregoing is an accurate
 5   transcription of the proceedings in the above-entitled matter.
 6
 7
     DATE:  03-27-2025          /s/Laura Melton
 8                              LAURA E. MELTON, RMR, CRR, FPR
                                Official Court Reporter
 9                              United States District Court
                                Southern District of Florida
10                              Fort Pierce, Florida
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```